IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

Timothy R. Walker                                                                    PLAINTIFF

v.                                          No. 1:15-CV–105-JM-JTK

Carolyn W. Colvin, Acting Commissioner,
Social Security Administration                                                       DEFENDANT

## Recommended Disposition

**Instructions**.  The following recommended disposition was prepared for U.S.

District Judge James M. Moody, Jr.  A party to this dispute may file written objections to

this recommendation.  An objection must be specific and state the factual and/or legal

basis for the objection.  An objection to a factual finding must identify the finding and

the evidence supporting the objection.  Objections must be filed with the clerk of the

court no later than 14 days from the date of this recommendation.[1]  The objecting party

must serve the opposing party with a copy of an objection.  Failing to object within 14

days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge

Moody may adopt the recommended disposition without independently reviewing all

of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Background**.  Timothy R. Walker seeks judicial review of the partially favorable

decision on his application for social security disability benefits.  Walker applied for

disability benefits after a heart attack and triple bypass surgery.[3]  The Commissioner's

ALJ determined Walker was disabled beginning April 8, 2012 — the day of the heart

attack — until January 31, 2014.  The ALJ determined Walker's disability ended on

February 1, 2014.  The ALJ awarded benefits for the disability period: April 8, 2012 to

January 31, 2014.  Walker insists disability continued.  He challenges the cessation of

disability benefits.

**The Commissioner's decision**.  The ALJ determined Walker medically improved

as of February 1, 2014.[4]  The ALJ determined that, as of that date, Walker had severe

impairments — coronary artery disease status post three-vessel bypass graft, diabetes

mellitus with neuropathy, right shoulder pain, obesity, and depression.[5]  The ALJ

determined the impairments limit Walker to a reduced range of sedentary work.[6]  The

ALJ consulted a vocational expert about available work, determined work existed that

---

[3]SSA record at pp. 140 & 146 (applying on Apr. 17, 2012 and alleging disability beginning Apr. 8, 2012).

[4]*Id*. at p. 13.

[5]*Id*. at p. 23.

[6]*Id*. at p. 24.

Walker could do, and denied benefits after January 31, 2014.[7]

Walker appealed to the Commissioner's Appeals Council.[8]  He submitted new

evidence to support his claim.  The Appeals Council considered the new evidence,

added the evidence generated during the disability period, and declined review.[9]

Walker filed this case to challenge the cessation of benefits.[10]  This recommendation

explains why the court should affirm the decision.

**Walker's allegations**.  Walker challenges the determination that medical

improvement occurred on February 1, 2014.  He claims new evidence required the

Appeals Council to remand his case for redetermination.[11]

**Applicable legal principles**.  Walker challenges the cessation of benefits.  A

decision to cease disability benefits must be supported by substantial evidence showing

there has been medical improvement in the claimant's impairment such that the

claimant can now engage in substantial gainful activity.[12]  For substantial evidence to

exist, a reasonable mind must accept the evidence as adequate to show Walker

---

[7]*Id*. at p. 29.

[8]*Id*. at p. 8.

[9]*Id*. at pp. 1-2 & 5.

[10]Docket entry # 1.

[11]Docket entry # 10.

[12]*See* 42 U.S.C. § 423(f)(1).

improved enough to work as of February 1, 2014.[13]

**Medical improvement.** The first question is medical improvement.[14] The

Commissioner determines medical improvement by comparing the claimant's present

condition with his condition at the time benefits were awarded.  To do that, the

Commissioner compares current medical evidence with the prior medical evidence to

determine whether "there have been changes (improvement) in the symptoms, signs or

laboratory findings associated with [the claimant's] impairment(s)."[15]  This task requires

the court to determine whether medical evidence showed improvement in symptoms,

signs, or laboratory findings as of February 1, 2014, as compared to the time benefits

were awarded on April 8, 2012.

The ALJ identified the same impairments for the disability period and the

medical-improvement point.[16]  The ALJ determined the impairments limited Walker to

---

[13]*See Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'").

[14]42 U.S.C. 423(f)(1) ("substantial evidence [must] demonstrate[] that— (A) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and (B) the individual is now able to engage in substantial gainful activity").

[15]20 C.F.R. §§ 404.1594 & 416.994.

[16]SSA record at pp. 17 & 23.

sedentary work for the disability time period and the medical-improvement point.[17]

The difference lies in the non-exertional limitations shown in the following chart:

| April 8, 2012 to January 31, 2014 | February 1, 2014 |
|---|---|
| can stand or sit for 30 minutes at a time | |
| can sit for 3 hours of 8 hour workday | can sit for 6 hours of 8 hour workday |
| can stand for 2 hours of 8 hour workday | can stand/walk for 2 hours of 8 hour workday |
| no frequent grasping or handling with right arm | |
| no pushing, pulling, or lifting with right arm above shoulder level | no frequent overhead reaching with right arm |
| no exposure to mild respiratory irritants or temperature extremes | no exposure to moderate respiratory irritants or temperature extremes |
| no unprotected heights, moving/ dangerous machinery or driving | |
| can't maintain attention or concentration | |
| can't meet normal attendance, punctuality, or production requirements | |
| needs frequent rest breaks during the day | |
| can do unskilled work involving incidental interpersonal contact, tasks with few variables learned and performed by rote, little judgment, simple/direct/concrete supervision | can do semi-skilled work, routine but superficial interpersonal contact, tasks with several variables learned by experience, judgment within limits, little supervision for routine tasks, detailed supervision for non-routine tasks |

---

[17]*Id.* at pp. 19 & 24.

The comparison shows a reduction in non-exertional limitations.  The question is
whether a reasonable mind will accept the evidence as sufficient to show medical
improvement.

A reasonable mind will accept the evidence as sufficient for the following
reasons:

> 1.  Prior to bypass surgery, Walker had blockages in the intermediate, left
> anterior descending, and right coronary arteries.[18]  Surgery cleared the
> blockages.  Subsequent diagnostic testing showed normal ejection
> fractions rates and no reoccurrence of valvular disease. [19]

> 2.  Initially, Walker complained about depression, extreme stress,
> headaches, numbness, weight change, constipation, vomiting, diarrhea,
> blurred vision, frequent urination, and pain in the hands, feet, and chest.[20]
> With time, Walker's strength improved.[21]  Depression improved with a
> medication change.[22]  Constipation and diarrhea resolved with medication
> changes.  Complaints about stress, headaches, weight change, vomiting,
> blurred vision, and hand and chest pain ceased.  Numbness in the feet
> persisted due to diabetic neuropathy.

> The increase in physical strength and the decrease in symptoms support
> the determination that Walker could sit for six hours and stand/walk for
> two hours; it also supports the determination that he could tolerate
> moderate levels of respiratory irritants and temperature extremes.

---

[18]*Id*. at p. 345 (Apr. 10, 2012).

[19]*Id*. at p. 625 (Sept. 17, 2013), p. 498 (Nov. 27, 2012) & p. 651 (Jan. 22. 2104).

[20]*Id*. at p. 480 (Sept. 21, 2012).

[21]*Id*. at p. 582 (May 16, 2013).

[22]*Id*. at p. 752 (Dec. 23, 2013).

3.  After bypass surgery, Walker's doctor restricted driving and recommended physical activity as tolerated.[23]  At the medical-improvement point, Walker had been driving for some time.[24]  His doctor recommended aerobic exercise.[25]  Medical recommendations for physical exercise indicate Walker could function better than alleged.[26]

4.  The ALJ limited overhead reaching with the right arm.  For the disability period, the ALJ included additional limitation with the right arm due to a right-shoulder injury.  Although that issue resolved before February 1, 2014,[27] the ALJ accounted for residual limitation.

5.  In February 2013, the mental diagnostic examiner opined that Walker could cope with the mental demands of work tasks.[28]  The mental diagnostic exam supports the determination that Walker could perform some semi-skilled work.

6.  Walker did not comply with medical recommendations.[29]

---

[23]*Id*. at p. 332 (Apr 24, 2102).

[24]*Id*. at p. 546 (Feb. 20, 2013).

[25]*Id*. at p. 753.  *See also id*. at p. 650 (Dec. 20, 2013: increase physical exercise).

[26]*Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013) medical recommendation to increase physical exercise is inconsistent with a claim of disabling physical limitation).

[27]SSA record at p. 531 (Feb. 4, 2013), p. 579 ( Apr. 15, 2013), p. 611 (Apr. 22, 2013), p. 613 (May 1, 2013), p. 582 (May 16, 2013) & p. 614 (May 22, 2013).

[28]*Id*. at p. 547.

[29]*Id*. at p. 576 (Mar. 14, 2013: missed diabetes medication half the time), p. 583 (May 16, 2013: strongly recommend cardiologist but he refuses), p. 589 (Aug. 13, 2013: not compliant with insulin), p. 598 (Sept. 30. 2013: refused a sleep study, he doesn't want to see pulmonologist), p. 748 (Dec. 23, 2013: he's not checking his blood sugar), p. 752 (Jan. 2, 2014: not checking his blood sugar) & 764 (Feb. 27, 2014: he cancelled his appointment with diabetes specialist).

Noncompliance suggested less severe symptoms than alleged.[30]

**Ability to work**.  The next question is whether Walker could work as of

February 1, 2014.[31]  If a claimant's medical condition improves, and he still has severe

impairments, the Commissioner must determine whether the claimant can do his past

work, and if not, whether he can perform other work.[32]  A vocational expert classified

past work as a pipe-fitter in construction industry as skilled heavy work, and identified

transferable skills.  Becasue heavy work exceeded sedentary work, the ALJ determined

Walker could not do past work.  The ALJ then asked about available sedentary work,

using the medical-improvement point nonexertional limitations.  The vocational expert

identified semi-conductor assembler and metal or small component part inspector as

representative available jobs.[33]  The availability of these jobs shows work existed that

Walker could do, regardless of whether such work existed where he lived, whether a

---

[30]*Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005) ("A failure to follow a recommended course of treatment also weighs against a claimant's credibility.").

[31]42 U.S.C. 423(f)(1) ("substantial evidence [must] demonstrate[] that— (A) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and (B) the individual is now able to engage in substantial gainful activity").

[32]20 C.F.R. §§ 404.1594 & 416.994.

[33]SSA record at p. 67.

job vacancy existed, or whether he would have been hired if he applied for work.[34]

Because such work existed, substantial evidence supports the determination that

Walker was not disabled on February 1, 2014.

**New evidence**.  "In order to support a remand, new evidence must be 'relevant,

and probative of the claimant's condition for the time period for which benefits were

denied.'"[35]  After the hearing, Walker submitted new evidence, some after the medical-

improvement point.  That evidence showed Walker burned his feet stomping out a

grass fire.[36]  The ALJ considered the evidence, but determined the burns were not a

severe impairment, because Walker reported that the burns were much better by March

17, 2014.[37]

Walker submitted additional evidence to the Appeals Council.  That evidence

showed infection in the bone to the little toe of the right foot, as well as a burn that

failed to heal.[38]  A foot specialist recommended amputation of the little toe and the

---

[34]42 U.S.C. § 1382c(a)(3)(B) (defining disability under social security disability
law).

[35]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[36]SSA record at pp. 659 & 760.

[37]*Id*. at pp. 23 & 768.

[38]*Id*. at p. 773.

burned tissue.   One week after surgery, Walker was doing well.[39]  These circumstances

require no remand.[40]

**Conclusion and recommendation**.  Because substantial evidence supports the

determination that medical improvement occurred by February 1, 2014, and that work

existed that Walker could do, the undersigned magistrate judge recommends

DENYING the request for relief (docket entry # 2) and AFFIRMING the Commissioner's

decision.

Dated this 28th day of June, 2016.

_____
United States Magistrate Judge

---

[39]*Id*. at p. 775.

[40]*Jones v. Callahan*,  122 F.3d 1148, 1154 (8th Cir. 1997) ("An implicit requirement is
that the new evidence pertain to the time period for which benefits are sought, and that it
not concern later-acquired disabilities or subsequent deterioration of a previously
non-disabling condition.").